
DA 13-0250

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 369

STEVE ANDERSON AND PAMELA MURPHY
AS PERSONAL REPRESENTATIVES OF THE
ESTATE OF DARLEEN ANDERSON,

      Plaintiffs and Appellants,

   v.

WILLIAM J. HARPER, M.D.,

      Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDV 2010-652
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

            Neel Hammond, M.D., J.D., Hammond Law, PLLC; Missoula, Montana

            Spencer T. MacDonald, MacDonald Law Office, PLLC; Missoula, Montana

      For Appellee:

            J. Daniel Hoven, Oliver H. Goe, Evan M. T. Thompson, Browning, Kaleczyc, Berry & Hoven, P.C.; Helena, Montana

                       Submitted on Briefs:  November 13, 2013
                               Decided:  December 10, 2013

Filed:

                    _____
                              Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1    *Issue One: Did the District Court err by refusing to give the Andersons' proposed jury instruction?*

¶2    *Issue Two: Did the District Court err by giving the Defendant's proposed instruction over the Andersons' objection?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    Dr. William Harper (Dr. Harper) is a board certified surgeon. On December 21, 2001, Dr. Harper treated Mrs. Darleen Anderson (Darleen) by placing a graft in her arm, also known as a "fistula," to facilitate kidney dialysis. Darleen's graft began to scab over in July, 2008, and the scab slowly expanded in size. On January 11, 2009, the scab ruptured and Darleen bled to death. Steve Anderson and Pamela Murphy, as personal representatives of Darleen's estate (the Andersons), filed this action against Dr. Harper.

¶4    At trial, the Andersons presented testimony from an expert witness and board certified vascular surgeon, Dr. Willis Wagner (Dr. Wagner). Dr. Wagner testified that he would have revised the graft upon seeing the scab. Dr. Harper presented testimony from Dr. Charles Swannack (Dr. Swannack), a board certified general surgeon who had performed dialysis grafts and graft revisions in the past. When settling jury instructions, the Andersons sought an instruction that Dr. Harper should be held to the standard of care of a board certified vascular surgeon, rather than a general surgeon. The District Court refused the Andersons' instruction on the grounds that no evidence had been presented to justify a heightened standard of care. The Andersons also objected to Dr. Harper's proposed instruction that "the mere fact of injury, standing alone, is not proof of negligence against the defendant in a

2

malpractice action." The Andersons' objection was overruled and the instruction was given by the court. The Andersons now seek a new trial on the grounds that the District Court abused its discretion in refusing their instruction on the standard of care, and in giving the "mere fact of injury" instruction.

## STANDARDS OF REVIEW

¶5 We review jury instructions for an abuse of discretion. *Williams v. United Fidelity Life Ins. Co.*, 2005 MT 273, ¶ 46, 329 Mont. 158, 123 P.3d 213; *Christofferson v. City of Great Falls*, 2003 MT 189, ¶ 9, 316 Mont. 469, 74 P.3d 1021. In reviewing whether a particular jury instruction was properly given or refused, we consider the instruction in its entirety, as well as in connection with the other instructions given and with the evidence introduced at trial. *Williams*, ¶ 46; *Christofferson*, ¶ 9.

## DISCUSSION

¶6 The Andersons argue that the District Court erred by refusing to give their proposed jury instruction regarding the standard of care applicable to Dr. Harper. Although the Andersons never specifically objected to Dr. Harper's contrary instruction, they argue that they preserved the issue under M. R. Civ. P. 51(d)(1)(B) when they requested their contrary instruction and it was rejected by the District Court. Dr. Harper counters that the Andersons stipulated to the very instruction they now contest and that this made the instruction "the law of the case."

¶7 Dr. Harper's "law of the case" theory is inapposite to the present issues. Montana cases invoking the "law of the case" doctrine all pertain to instructions actually given by the court. *See Selzer v. Morton*, 2007 MT 62, ¶¶ 144-45, 336 Mont. 225, 154 P.3d 561; *State v.*

3

*Crawford*, 2002 MT 117, ¶¶ 25-27, 310 Mont. 18, 48 P.3d 706; *DeBruycker v. Guaranty Natl. Ins. Co.*, 266 Mont. 294, 301, 880 P.2d 819, 823 (1994). We find no authority holding that stipulated instructions are automatically precluded from future objection during the actual settling of instructions.

¶8     We now examine whether the District Court abused its discretion in refusing the Andersons' instruction. It is a matter of law for the court to determine the proper standard of care applicable to the case and instruct the jury on that standard. *Aasheim v. Humberger*, 215 Mont. 127, 129, 695 P.2d 824, 826-27 (1985). A doctor's standard of care towards a patient is judged against "the skill and learning possessed by other doctors in good standing practicing in the same specialty and who hold the same national board certification." *Aasheim,* 215 Mont. at 130, 695 P.2d at 826-27. It is the plaintiff's burden to establish the standard of professional care in a medical malpractice case. *Gilkey v. Schweitzer*, 1999 MT 188, ¶ 17, 295 Mont. 345, 983 P.2d 869.

¶9     The Andersons' proposed instruction No. 3 provides: "A doctor who performs professional services which should be performed by a specialist has a duty to use the care and skill of a specialist in that field of medicine." In refusing the instruction, the District Court noted that it "didn't hear any dispute or evidence" concerning whether the surgery should have been performed by a specialist board certified vascular surgeon. Our review of the record confirms this absence. Even the Andersons' expert, a board certified vascular surgeon, never testified that the creation and management of a fistula required a vascular surgeon nor did he testify that Dr. Harper was acting outside of his specialty when caring for Darleen. The court also found that Dr. Harper was "performing the very same kind of

4

surgery" described in the testimony of Dr. Swannack, "who is not a board certified vascular surgeon; he is a board certified surgeon. . . ." We conclude that the District Court acted well within its discretion in refusing the Andersons' proposed instruction on these grounds.

¶10 The Andersons also objected to Defendant's Proposed Instruction No. 3. That instruction reads, in relevant part: "The mere fact of injury, standing alone, is not proof of negligence against the defendant in a malpractice action." The Andersons claim that the use of the word "mere" was argumentative and unduly prejudicial to their position at trial. We have previously found this instruction to be proper in professional negligence actions. *Juedeman v. Montana Deaconess Medical Ctr.*, 223 Mont. 311, 321, 726 P.2d 301, 307 (1986); *Hunsaker v. Bozeman Deaconess Foundation*, 179 Mont. 305, 329, 588 P.2d 493, 507 (1978). The Andersons address neither of these cases in their brief to this Court.

¶11 Instead, the Andersons rely on a case wherein the South Dakota Supreme Court found prejudice in an instruction defining medical negligence as an "error in judgment." *Papke v. Harbert*, 738 N.W.2d 510 (S.D. 2007). But that decision singled out only "error in judgment" as prejudicial, and further noted that "courts are still permitted to instruct a jury that the fact that an unfortunate or bad condition resulted to the patient does not alone prove that the defendant was negligent." *Papke*, 738 N.W.2d at 527, n. 15. (internal quotations omitted). Thus, we conclude that the District Court did not abuse its discretion in approving Dr. Harper's proposed instruction No. 3.

## CONCLUSION

¶12 For the foregoing reasons, we affirm.

5

/S/ MICHAEL E WHEAT

We Concur:

/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE